94 F.3d 644
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James E. HOLT, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-5101.
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1996.
 
 1
 Before: BOGGS and NORRIS, Circuit Judges; HOOD, District Judge.*
 
 ORDER
 
 2
 James E. Holt appeals a district court order affirming the Commissioner's denial of his applications for social security disability insurance benefits and for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Holt filed applications for social security disability insurance benefits and for supplemental security income benefits alleging that he suffers from back pain and hypertension. Following a hearing, an administrative law judge (ALJ) determined that Holt was not disabled because he could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Holt then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Holt contends that the district court and the Commissioner did not consider the record as a whole. However, given the ALJ's discussion of the medical evidence and the magistrate judge's extensive report, we cannot conclude that the district court and the Commissioner did not consider the record as a whole. See Hurst v. Secretary of Health and Human Servs., 753 F.2d 517, 519 (6th Cir.1985).
 
 
 7
 Holt contends that the Commissioner erred in concluding that his alleged back impairment was not severe. Given the objective medical evidence in the record and Holt's past medical complaints, the Commissioner did not err in concluding that Holt's back impairment was non-severe. See Villarreal v. Secretary of Health and Human Servs., 818 F.2d 461, 464 (6th Cir.1987) (per curiam).
 
 
 8
 Holt contends that the district court and the Commissioner erred in failing to consider the functional limitations of his back impairment. However, the medical evidence simply does not show that Holt's alleged back impairment placed significant functional limitations on his ability to work.
 
 
 9
 Finally, Holt objects to the completeness of the medical report by a consultative physician. However, the report is the only medical evidence in the record which discusses Holt's ability to work. As Holt has the burden of producing medical evidence to show that he is disabled, Holt was free to supplement the record with opinions of his own treating and consultative physicians. As Holt failed to produce any evidence contradicting the doctor's opinion, the Commissioner was free to rely on the report.
 
 
 10
 Accordingly, we affirm the district court's order.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation